Raymond vs. Jewell.

RAYMOND vs. JEWELL.

1. A, by deed, conveyed a tract of land to B. By a postscript thereto, A bound himself to deliver possession on a specified day, and further agreed that in the event of a failure so to deliver possession, B requesting it, he would pay all damages, &c., sustained by such failure. Held, that in ejectment ;brought by B, it was not necessary to show a request, but that the last agreement, did not affect the agreement to deliver possession.

2. A bond from B to H, by which B agreed to convey the land to H, on payment of a stipulated sum, on a certain day, providing that if the money were not paid on the day fixed, the bond should be void, and giving to H possession until a failure to pay the purchase money. Held, not sufficient to establish an outstanding title in H, without proof of payment at the day fixed.

## APPEAL from Boone Circuit Court.

HAYDEN *for Appellant.*

POINTS AND AUTHORITIES.

The appellant by his counsel, will rely upon the following points and authorities in this court, to reverse the judgment of the circuit court.

1. That the deed of conveyance from Raymond and wife, to plaintiff, for the land sued for, upon its face shows that the defendant was not bound to deliver up the possession of the land, until requested so to do by plaintiff; and that there is no evidence in the cause showing such request of defendant by the plaintiff, prior to the institution of this suit.

2. That by the deed from the defendant to plaintiff, the defendant covenanted with plaintiff that in lieu of the possession of the land, plaintiff was to accept, as satisfaction for the non-delivery thereof to the plaintiff *upon request,* damages commensurate with the injury that plaintiff might sustain on account thereof, and the plaintiff hath given no evidence that the defendant failed to comply with his contract *upon request* to perform it, in this particular.

3. That the deed of bargain with Hadwin, to sell and convey the land, and thereby delivering the possession of the land to Hadwin, subsequent to the sale thereof by defendant to plaintiff, was evidence conducing to show that Hadwin had a right to the possession of the land, and not the plaintiff, and therefore ought to have been received and considered as evidence, and not excluded by the court in deciding the cause, in the absence of proof conducing to show that Hadwin had forfeited his right to the possession of the land under said deed.

4. That the court erred in sustaining the motion of the plaintiff, to exclude defendant's evidence, as well as overruling the motion of defendant for a new trial, and in arrest of judgment, for the reasons therein stated.

LEONARD & GORDON, *for Appellee.*

POINTS AND AUTHORITIES.

1. The outstanding right in Hadwin to the possession, terminated on the first day of January, 1842, if he failed on that day to pay the purchase money: Wright vs. Moore, 21, Wend. Reports 230.

2. The burthen of proving the payment of the purchase money on the day appointed, was on the defendant, and upon his failure to prove it, the paper writing was properly disregarded : Greenleaf's Evidence, 265.

NAPTON, J., *delivered the opinion of the court.*

This was an action of ejectment in the Boone circuit court, instituted by Jewell against the appellant, to recover the possession of a lot of ground in the town of Rocheport.

The case was submitted to the court.

The appellee gave in evidence a deed for the land in dispute, from Raymond and wife to himself, to which was annexed a postscript, containing an agreement to deliver possession of the premises to the appellee on the 1st of December, 1840, and in the event of their failure so to do, the said Jewell requiring the possession, they agreed to pay such damages, &c., as might be sustained in consequence thereof. The appellee also proved possession of the premises in Raymond and wife, from the date of the deed, to the time of instituting the suit; and also gave evidence of the value of the rents and profits.

The appellant on his part, offered in evidence an agreement between Jewell and one Hadwin, executed in January, 1841, convenanting to convey to said Hadwin the land in controversy, upon the payment of a stipulated price, on or before the first of January, 1842, but stipulating that if the money was not paid on the day mentioned, the deed was to be void. By the terms of this agreement, Hadwin was to have possession of the land, until his failure to pay the purchase money, on the day fixed in the contract.

Upon this evidence the court was called upon to disregard the deed from Jewell to Hadwin as being insufficient to show an outstanding title; and the court being of this opinion, the appellant excepted and brings the case here by appeal.

Two errors are assigned. The first is, that the court erred in giving judgment for the appellee, when there was no proof of any demand made by the appellant for the delivery of the possession. This objection seems to be based upon the supposition that the agreement of Raymond to pay damages for failing to deliver the possession when required, had the effect of controlling and annulling the covenant which immediately preceded it, and which required the delivery of the premises on a specified day. But the covenant to deliver possession on the 1st De-

cember, 1840, we consider as specific and unaffected by the agreement to pay damages; and the latter may be construed to embrace only such special damages, over and above the rents and profits, as might be sustained by the failure of the appellant to deliver possession when demanded.

The second error assigned is the exclusion of the deed from Jewell to Hadwin. The bond was a conditional agreement to convey to Hadwin, on a day specified. There was no proof offered that Hadwin had ever complied with the condition, and of course such a deed could not show an outstanding title.

Judgment affirmed.